# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 12-20123-CM |
| ) | |
| MUNIR AHMAD CHAUDARY et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This case is before the court on two motions: Defendant[s'] Joint Motion to Return Property (Doc. 88), filed by defendants Munir Ahmad Chaudary and Rhonda R. Bridge, and Defendant[s'] Joint Amended and Supplemental Motion to Return Property (Doc. 90), filed by the same defendants. Both motions seek the same relief: the return of property pursuant to Federal Rule of Criminal Procedure 41(g)—namely, money from previously-seized bank accounts. Defendants claim that they need the money to pay various expenses.

When considering a motion to return property based on Rule 41(g), the court is guided by equitable principles and should exercise "caution and restraint." *Floyd v. United States*, 860 F.2d 999, 1003 (10th Cir. 1988). The court should deny the motion if (1) the movant has an adequate remedy at law or (2) cannot demonstrate irreparable harm. *Id.*

Defendants do not address whether they have an adequate remedy at law. The government has brought a civil forfeiture proceeding regarding the money (Case No. 12-1344), which can provide an adequate remedy at law. *See Floyd*, 860 F.2d at 1004, 1008. But defendants do not address the significance of the pending civil forfeiture proceeding or its potential to offer them an adequate

-1-

remedy. The court therefore lacks necessary facts to find that defendants lack an adequate remedy at law.[1]

Similarly, the court lacks evidence that defendants will suffer irreparable harm if the court denies them relief. Irreparable harm "refers to circumstances in which a [Rule 41(g)] movant cannot wait for a legal remedy, thus justifying the court's equitable jurisdiction." *Id.* at 1006 (edited to reflect current rule). Defendants assert they have no ability to borrow money for additional attorney's fees, no avenues to obtain further credit, and "no funds or additional assets to pay for our basic necessities without incurring further debt[.]" (Doc. 90-1 at 1.) But defendants do not argue that their financial circumstances constitute irreparable harm.

Instead, defendants cite *United States v. Jones*, 160 F.3d 641 (10th Cir. 1998). *Jones* discusses the deprivations that could arise from restraining a defendant's assets and the elements a defendant must show to request a post-restraint, pre-trial hearing. *See Jones*, 160 F.3d at 646–47 ("Due process does not automatically require a hearing and a defendant may not simply ask for one.") Defendants do not, however, request a hearing; they only request relief under Rule 41(g). Absent a showing of an inadequate remedy at law and irreparable harm, Rule 41(g) relief is not warranted. *See Floyd*, 860 F.2d at 1003. And, in any event, defendants fail to make an adequate showing that they are entitled to a hearing under *Jones*. They have offered only (1) bare allegations of insufficient funds and (2) self-serving statements suggesting that the property may have a legitimate source. Neither justify a hearing. *See Jones*, 160 F.3d at 647 ("[A] defendant must demonstrate to the court's satisfaction that she has no assets, other than those restrained, with which to retain private counsel and provide for

---

[1] Rule 41(g) requires the court to "receive evidence on any factual issue necessary to decide the motion." But this command does not require the court to conduct a hearing under all circumstances. *See* 3A Charles Alan Wright, Nancy J. King & Susan R. Klein, Federal Practice & Procedure § 675 (3d ed. 2010) ("Rule 41(g) requires the judge to receive evidence on any issue of fact necessary to the decision on a motion to return and the same is true on a motion to suppress. An evidentiary hearing need not be set as a matter of course, but only if the motion alleges facts that, if proved, would require the grant of relief." (footnote omitted, emphasis added)).

-2-

herself and her family. . . . A defendant must also make a prima facie showing of a bona fide reason to believe the grand jury erred in determining that the restrained assets 'constitute[ ] or [are] derived, directly or indirectly, from gross proceeds traceable to the commission of the [] offense. . . .' Once a defendant satisfies these initial burdens, due process requires a district court to conduct an adversarial hearing at which the government must establish probable cause to believe that the restrained assets are traceable to the underlying offense.") (internal citations omitted). The motions are denied.

**IT IS THEREFORE ORDERED** that Defendant[s'] Joint Motion to Return Property (Doc. 88) is denied.

**IT IS FURTHER ORDERED** that Defendant[s'] Joint Amended and Supplemental Motion to Return Property (Doc. 90) is denied.

Dated this 29th day of July, 2013, at Kansas City, Kansas.

                                            s/ Carlos Murguia
                                            **CARLOS MURGUIA**
                                            **United States District Judge**